**IN THE COURT OF APPEALS OF IOWA**

No. 15-0803
Filed September 23, 2015

**IN THE INTEREST OF K.C.,**
    **Minor Child,**

**J.C., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Father appeals the order terminating his parental rights in his child.
**AFFIRMED.**

Erin Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kathrine Miller-Todd and Charles Phillips, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee.

Jami Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for mother.

Michelle Saveraid of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals an order terminating his parental rights of his two-year old daughter, K.C. The State terminated his rights pursuant to Iowa Code section 232.116(1)(h) (2015). The father argues the juvenile court failed to make reasonable efforts to reunite him with the child. He also argues termination is not in the child's best interests. Our review is de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

We can add little to what is set forth in the juvenile court's findings of fact, conclusions of law, and termination order, and we adopt the findings and conclusions as our own. In sum, the child was removed from the family because of the father's physical abuse of the mother and marijuana grow operation in the house. The father was incarcerated at the time the child was adjudicated in need of assistance. After being released from prison, the father failed to avail himself of the numerous services offered him. The evidence showed the father continued his physical abuse of the mother after reuniting with her following his release from prison. The evidence also showed the father has unaddressed mental-health needs and substance-abuse problems. There is clear and convincing evidence supporting the statutory ground authorizing termination of the father's rights; there is clear and convincing evidence termination of the father's rights is in the best interest of the child; and there is no countervailing consideration precluding termination. *See* Iowa Code § 232.116(1)-(3); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (setting forth three-part analysis); *see also In re C.M.*, No. 14–1140, 2015 WL 408187, at *4–5 (Iowa Ct. App. Jan. 28, 2015)

(affirming termination of parental rights where the parents sought more time but evidence established they were unlikely to resolve their substance abuse problems); *In re K.F.*, No. 14–0892, 2014 WL 4635463, at \*4 (Iowa Ct. App. Sept. 17, 2014) ("What's past is prologue."); *In re H.L.*, No. 14–0708, 2014 WL 3513262, at \*4 (Iowa Ct. App. Jul. 16, 2014) (affirming termination of parental rights where the father had history of substance abuse); *In re C.M.M.*, No. 04-0685, 2004 WL 1398447, at \*2 (Iowa Ct. App. June 23, 2004) (concluding that history of domestic violence and alcohol abuse supported termination of father's parental rights); *In re J.L.*, No. 02–1968, 2003 WL 21544226, at \*3 (Iowa Ct. App. July 10, 2003) (concluding that relapse of parent despite offer of services supported termination of parental rights).

We have considered each of the father's arguments, whether or not set forth in full herein. For the afore-stated reasons, we affirm the order terminating the father's parental rights in K.C. without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**